*Formatted for Electronic Distribution*                                                                                                                                         *Not for Publication*

## UNITED STATES BANKRUPTCY COURT

_____

In re:
    Jon T. Templeton,
                Debtor.

_____

**Vermont Federal Credit Union,**
                Plaintiff,
    v.

**Jon T. Templeton,**
                Defendant.

_____

Chapter 13 Case
# 08-10180

Adversary Proceeding
# 08-1026

Filed & Entered
On Docket
January 5, 2009

### ORDER
#### DENYING DEBTOR'S MOTION TO DISMISS COMPLAINT

On November 14, 2008, Debtor John T. Templeton ("Debtor" or "Defendant") filed a motion to dismiss the complaint of Vermont Federal Credit Union ("Creditor" or "Plaintiff") against him (doc. # 7). The Debtor asserted that the complaint was defective on three grounds: (1) the Creditor's objection was not timely; (2) the Creditor's claims were dischargeable, whether secured or unsecured; and (3) the Creditor's assertion of "unclean hands" for the home equity loan was unsupported (id.). The Creditor opposed the motion to dismiss (doc. # 10).

Federal Rule of Bankruptcy Procedure 7012 (made applicable by Rule 12(b) of the Federal Rules of Civil Procedure) governs motions to dismiss. The Defendant's motion does not state a specific subsection of Rule 12(b) under which he is moving. Given the three points raised by the Debtor, the Court construes the motion as seeking relief under subsection 12(b)(6) for failure to state a claim.

The standard for the motion to dismiss has been ably set forth in In re Flushing Hosp. and Medical Center, 395 B.R. 229 (Bankr. E.D.N.Y. 2008):

> In assessing the adequacy of the complaint, the court "must accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." Gregory v. Daly, 243 F.3d 687, 691 (2d Cir.2001) (quoting Tarshis v. Riese Org., 211 F.3d 30, 35 (2d Cir.2000)). The court's consideration is limited to the four corners of the complaint; documents attached to the complaint as exhibits or incorporated in it by reference; matters of which judicial notice may be taken; and documents either in plaintiff's possession or of which he had knowledge, on which plaintiff relied in bringing suit. Brass v. Am. Film Techs., Inc., 987 F.2d 142, 150 (2d Cir.1993). A motion to dismiss under 12(b)(6) requires the court to evaluate a complaint's legal feasibility, "not to assay the weight of the evidence which might be of-

fered in support thereof." Amalgamated Bank of N.Y. v. Marsh, 823 F.Supp. 209, 215 (S.D.N.Y.1993) (quoting Ryder Energy Distribution Corp. v. Merrill Lynch Commodities Inc., 748 F.2d 774, 779 (2d Cir.1984)).

Id. at 242.

The Debtor's first argument is that the deadline to object to dischargeability of debts after the case had been converted to chapter 7 was September 8, 2008, the Creditor objected on October 20, 2008, and therefore the Creditor's objection is not timely (doc. # 7). The Creditor states that it did not receive notice that the Debtor was not using the real property at 189 Baycrest Drive in South Burlington as his primary residence until after the Debtor was discharged, which prompted it to file the adversary proceeding seeking revocation of discharge under 11 U.S.C. § 727 and to determine dischargeability of debts under 11 U.S.C. § 523 (doc. #10). The complaint makes allegations of fraud and concealment. This adversary proceeding is not, as the Debtor claims, an untimely objection to discharge, but an action to revoke a discharge that has already been issued. Section 727(e)(1) provides that a creditor may request revocation of a discharge under § 727(d)(1) – i.e., based on fraud – within one year after a discharge is granted. Since the discharge was granted on September 25, 2008, the complaint is timely.

The Debtor's second and third arguments in support of his motion to dismiss – that the Creditor's claims are dischargeable whether secured or unsecured, and that the Creditor's assertion that the Debtor had "unclean hands" when he applied for a home equity loan from the Creditor – involve questions of law and fact and thus are inappropriate for adjudication by way of a motion to dismiss.

Accordingly, IT IS HEREBY ORDERED that the Debtor's motion to dismiss the complaint is DENIED.

IT IS FURTHER ORDERED that the parties shall appear at a pre-trial scheduling conference on **January 27, 2009 at 11:00 a.m.** at the U.S. Bankruptcy Court in Rutland, or via videoconference, unless (a) the parties have filed a joint scheduling order by January 22, 2009, and (b) the Court has entered an Order approving that scheduling order prior to January 27th.

SO ORDERED.

.

January 5, 2009  
Rutland, Vermont

Colleen A. Brown  
United States Bankruptcy Judge